UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Murphy Mullins, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| Diversified Adjustment Service, Inc. | ) |
| and William Bright, Individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Murphy Mullins (hereinafter "Plaintiff"), is a natural person residing in the State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Adjustment Service, Inc. (hereinafter "Defendant Diversified"), is a collection agency operating from an address of 600 Coon Rapids Boulevard, Coon Rapids, MN and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant William Bright (hereinafter "Defendant Bright") is a natural person employed by Defendant Diversified as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to September 3, 2009, upon information and belief, Plaintiff incurred a financial obligation, a medical expense charge for Hennepin County Medical Center, that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Diversified for collection.

9. On September 2, 2009, Defendant Bright contacted Plaintiff in an attempt to collect the debt, whereupon Plaintiff informed Defendant Bright that Plaintiff was represented by legal counsel and advised Defendant Bright to contact Plaintiff's attorney. Plaintiff conveyed the name and telephone number of his attorney to Defendant Bright.

10. Defendant Bright stated to Plaintiff that Defendant Bright would contact Plaintiff's counsel, but that after speaking with Plaintiff's attorney, Defendant Bright would be calling Plaintiff back.

11. Defendant Bright stated to Plaintiff that his debt was almost a year old and that Plaintiff's attorney was not helping Plaintiff. Defendant Bright stated to Plaintiff that Plaintiff's attorney was probably at a big firm and that since Plaintiff's claim was so small, that Plaintiff's attorney probably did not care about his case. Defendant Bright instructed Plaintiff that he should fire his attorney and look into getting another attorney.

12. On September 3, 2009, at approximately 9:45 a.m. Defendant Bright contacted Martineau, Gonko, & Vavreck, PLLC in regards to Plaintiff's alleged debt.

13. Plaintiff's counsel, attorney Christopher Gonko, instructed Defendant Bright that Defendant Diversified and/or Defendant Bright did not have permission to correspond directly with Plaintiff regarding the alleged debt, and that all communication regarding the alleged debt should be directed to the law firm of Martineau, Gonko & Vavreck, PLLC. Attorney Gonko also instructed Defendant Bright to provide written verification of the alleged debt.

14. In response to attorney Gonko's instruction, Defendant Bright became loud, abusive and continually interrupted attorney Gonko. Defendant Bright refused to send any verification of the alleged debt. Further, Defendant

Bright threatened to continue contacting Plaintiff despite knowing that Plaintiff is represented by an attorney.

15. Also in response to attorney Gonko's instruction, Defendant Bright threatened to disclose directly to Plaintiff that attorney Gonko was being unresponsive regarding the payment of the alleged debt.

16. Defendant Bright threatened attorney Gonko that Defendant Bright intended to inform Plaintiff that legal counsel was not doing anything to resolve Plaintiff's underlying alleged debt, consistent with Defendant Bright's prior statements directly to Plaintiff on September 2, 2009.

17. The conduct of Defendants in threatening to take actions that cannot be legally be taken and using conduct the natural consequence of which is to harass, oppress, or abuse any person are violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f amongst others.

## Respondeat Superior Liability

18. The acts and omissions of Defendant Bright, and/or the other debt collectors employed as agents by Defendant Diversified who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Diversified.

19. The acts and omissions by Defendant Bright and/or these other debt collectors were incidental to, or of the same general nature as, the

responsibilities these agents were authorized to perform by Defendant Diversified in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant Bright and these other debt collectors were motivated to benefit their principal, Defendant Diversified.

21. Defendant Diversified is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

22. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

27. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

28. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff; and

29. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff.

Dated: September 3, 2009

**MARTINEAU, GONKO & VAVRECK, PLLC**

s/ Mark L. Vavreck             .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@mgvlawfirm.com

ATTORNEY FOR PLAINTIFF

## DECLARATION OF VERIFICATION OF COMPLAINT

## AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA     )
                       ) ss
COUNTY OF HENNEPIN     )

I, Murphy Mullins, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. section 1746, that the following statements are true:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, who is named in this civil Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Signed: _____

Subscribed and sworn to before me
this 3rd day of September 2009.

_____
Notary Public

DANA CATHERINE GACKE
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2014